# EXHIBIT "A"

Hazel S. Chang, Esq. SBN: 271840
Beshoy Yakim, Esq. SBN: 337099
WILSHIRE LAW FIRM
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Tel: (213) 381-9988
Fax: (213) 381-9989
Email: HazelChangsTeam@wilshirelawfirm.com

Attorneys for Plaintiff,
LAHENRI ANN TOLIVER

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
09/14/2023 at 10:15:40 AM
By: Kellie Hickman,
Deputy Clerk

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

| | |
|---|---|
| LAHENRI ANN TOLIVER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DOLLAR TREE STORES, INC., a Virginia corporation; and<br>DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 23CV043748<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1. NEGLIGENCE**<br><br>**2. PREMISES LIABILITY**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff LAHENRI ANN TOLIVER, who respectfully alleges the following:

## GENERAL ASSERTIONS

1. This is an action for personal injury arising out of the actions of the Defendants, which occurred on or about June 26, 2023, and which proximately caused serious injury to Plaintiff LAHENRI ANN TOLIVER. The negligent acts and omissions of the Defendants as herein alleged took place in or about the City of Oakland, in the County of Alameda, State of California. Accordingly, venue within this judicial district is proper.

2. At all times relevant herein, Plaintiff LAHENRI ANN TOLIVER was and is still a resident of the City of Oakland, County of Alameda, State of California.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

3. Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant herein, Defendant DOLLAR TREE STORES, INC, a Virginia corporation, (hereinafter "DOLLAR TREE") was a Company authorized to do business in the State of California, and doing business in, the City of Oakland, County of Alameda, State of California.

4. Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant DOLLAR TREE owned, managed, repaired, maintained and/or controlled the property or was responsible for designing, constructing, maintaining, cleaning, repairing, or managing the property located at 2445 International Boulevard, City of Oakland, California 94601 (hereafter "SUBJECT PREMISES").

5. The true names and/or capacities, whether individual, corporate, associate or otherwise of the Defendants DOES 1 through 50, inclusive, and each of them, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that each of these Defendants fictitiously named herein as a DOE is legally responsible, negligent or in some other actionable manner liable for the events and happenings hereinafter referred to, and proximately and legally caused the injuries to Plaintiff as hereinafter alleged. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and/or capacities of such fictitiously-named Defendants when the same has been ascertained.

6. Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant hereto, each Defendant, including DOES 1 through 50, was the owner, servant, agent, joint-venturer, employee or employer of each of its co-Defendants, and in doing the acts hereinafter mentioned, each Defendant was acting within the scope of its authority and with the permission and consent of its co-Defendants, and each of them, and that said acts of each Defendant was ratified by said Defendant's co-Defendants, and each of them and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, employee and/or joint venturer.

7. Plaintiff is informed and believes, and based upon such information and belief

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

alleges that all of the acts, conduct, and nonfeasance herein carried out by each and every representative, employee or agent of each and every corporate or business defendant, were authorized, ordered, and directed by the respective defendant's corporate or business employers, officers, directors and/or managing agents; that in addition thereto, said corporate or business employers, officers, directors and/or managing agents had advance knowledge of, authorized, and participated in the herein described acts, conduct and nonfeasance of their representatives, employees, agents and each of them; and that in addition thereto, upon the completion of the aforesaid acts, conduct and nonfeasance of the employees and agents, the aforesaid corporate and business employers, officers, directors and/or managing agents respectively ratified, accepted the benefits of, condoned and approved of each and all of said acts, conduct or nonfeasance of their co-employees, employers, and agents. In addition, at all times herein relevant, each defendant, whether named herein or designated as a DOE, was a principal, master, employer and joint venturer or every other defendant, and every defendant was acting within the scope of said agency authority, employment and joint venture.

8. On or about June 26, 2023, Plaintiff LAHENRI ANN TOLIVER was lawfully on the SUBJECT PREMISES.

9. While using the SUBJECT PREMISES in a reasonably foreseeable manner, Plaintiff LAHENRI ANN TOLVER was seriously injured when the Plaintiff tripped and fell over a box of merchandise that was left near the registers in an area that was regularly traveled by invitees, including but not limited to customers like Plaintiff. Sadly, the fall caused Plaintiff severe injuries and damages.

## **FIRST CAUSE OF ACTION**

**Negligence**

*[Against All Defendants]*

10. Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs, inclusive, of the General Assertions above and the Second Cause of Action.

11. On the above date, Plaintiff was a patron of the Defendants DOLLAR TREE

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

and DOES 1 through 50, inclusive and each of them, and was lawfully on the SUBJECT PREMISES at the time of the incident.

12. That at said time and place, as aforesaid, Defendants DOLLAR TREE, and DOES 1 through 50, inclusive, and each of them, owed a duty of reasonable care toward Plaintiff and others based upon Defendants' ownership of the property, their right to exercise of control over the premises, their management and maintenance of the property, their contractual obligations, custom and practice in the industry, and the commission of affirmative acts that resulted in injury to the Plaintiff.

13. Additionally, the duty owed by Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, is based on Civil Code § 1714(a) which mandates that everyone is responsible for injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property.

14. Plaintiff is informed and believes, and based upon such information and belief alleges Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, breached said duty when by the acts of their agents and employees they negligently, carelessly and recklessly constructed, inspected, maintained, contracted, subcontracted, supervised, controlled, engineered, and designed the SUBJECT PREMISES.

15. Further, Plaintiff is informed and believes, and based upon such information and belief alleges that Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, negligently and carelessly created, assisted, developed and/or approved the dangerous condition which consisted of a merchandise box that was left near the registers in an area that was regularly traveled by invitees, including but not limited to customers like Plaintiff causing the subject incident to occur.

16. Plaintiff is informed and believes, and based upon such information and belief alleges that multiple individuals complained to the Defendants, inclusive and each of them, about the condition of the SUBJECT PREMISES. However, as part of a concerted effort to save money at the expense of the safety of foreseeable users of the SUBJECT PREMISES, Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, took no

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

action to fix or rectify the condition or to repair the condition.

17. Further, Plaintiff is informed and believes, and based upon such information and belief alleges that the Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, regularly inspected the SUBJECT PREMISES and that they were aware of the dangerous nature of the SUBJECT PREMISES. Further, Defendants, and each of them, had actual or constructive knowledge of the unsafe conditions, as aforesaid, and performed acts that affirmatively contributed to the creation of these unsafe conditions. Each of these acts was affirmative in nature and created the dangerous condition leading to the injury of Plaintiff.

18. Further, Plaintiff is informed and believes, and based upon such information and belief alleges that the Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, knew or in the exercise of reasonable care should have known of the dangerous nature of the SUBJECT PREMISES and failed to warn foreseeable users of the dangerous nature of the premises.

19. Further, Plaintiff is informed and believes, and based upon such information and belief alleges that the Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, could have prevented the subject incident from occurring and that the costs associated with maintaining the SUBJECT PREMISES in a safe condition would have been minimal.

20. Further, Plaintiff is informed and believes, and based upon such information and belief alleges that the Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, knew or should have known that the specific employee(s) who performed the above referenced acts was unfit and Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, were therefore negligent in hiring, retaining, training, and supervising their employees.

21. As a direct, legal, and proximate result of the negligent acts and/or omissions of Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, Plaintiff suffered severe injuries and attendant damages.

22. As a further direct, legal and proximate result of the combined and concurrent wrongful conduct of all of the Defendants DOLLAR TREE and DOES 1 through 50, inclusive

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

and each of them,, Plaintiff suffered and sustained loss and damages within the jurisdiction of the Superior Court of California, including, but not limited to severe and permanent injury to the body and nervous system of Plaintiff.

23. In addition, as a direct, legal, and proximate result of the combined and concurrent wrongful acts of the Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, Plaintiff suffered and sustained the following loss and damages within the jurisdiction of the Superior Court of California.

a. All past and future medical and incidental expenses;

b. All past and future loss of earnings and earning capacity;

c. All past and future non-economic damages;

d. Loss or damage to tangible personal property; and

e. Pre-trial and post-trial interest.

## SECOND CAUSE OF ACTION

### Premises Liability

*[Against all Defendants]*

24. Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding paragraphs, inclusive, of the General Assertions and the First Cause of Action above.

25. On the above date, Plaintiff was a patron of the Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, and was lawfully on the SUBJECT PREMISES at the time of the incident.

26. Plaintiff is informed and believes, and based upon such information and belief alleges that on the aforementioned date, and while Plaintiff was using the SUBJECT PREMISES in a reasonably foreseeable manner, Defendants DOLLAR TREE and DOES 1 through 50, inclusive of each of them, so negligently and carelessly operated, supervised, cared for, inspected, and maintained the SUBJECT PREMISES so as to cause the subject incident which resulted in the Plaintiff being injured.

27. As an invitee and licensee of the premises, Defendants DOLLAR TREE and

DOES 1 through 50, inclusive and each of them, owed a duty of reasonable care toward Plaintiff and others based upon Defendant DOLLAR TREE's and DOES 1 through 50, inclusive and each of them, ownership, possession, and operation of the subject premises where the injury-causing incident occurred. Additionally, said duty is based on the requirements of Civil Code §1714 requiring all persons to act in a reasonable manner toward others and on the requirements of *Rowland v. Christian* (1968) 69 Cal.2d 108 regarding liability of landowner for those on the premises.

28. Plaintiff is informed and believes, and based upon such information and belief alleges that on the aforementioned date, Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, created, maintained, controlled and allowed a dangerous condition of the SUBJECT PREMISES to exist in the area where Plaintiff and others were located. Said dangerous condition consisted of a merchandise box that was left near the registers in an area that was regularly traveled by invitees, including but not limited to customers like Plaintiff. Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, affirmatively approved and oversaw the unsafe conditions existing at the time of the subject incident.

29. Further, at the time of the subject incident, the SUBJECT PREMISES was in a dangerous condition as it posed a serious risk of injury to foreseeable users, including Plaintiff. The dangerous nature of the SUBJECT PREMISES was known to the Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, or in the exercise of reasonable care should have been known to the Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them. However, the dangerous nature of the SUBJECT PREMISES was not known to the Plaintiff.

30. Further, Plaintiff is informed and believes, and based upon such information and belief alleges that the Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, knew or should have known that the specific employee(s) who performed the above referenced acts was unfit and Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, were therefore negligent in hiring, retaining, training, and supervising their

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

employees.

31. As a direct, legal, and proximate result of the negligent acts and/or omissions of Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, Plaintiff suffered severe injuries and attendant damages.

32. As a further direct, legal and proximate result of the combined and concurrent wrongful conduct of all of the Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, Plaintiff suffered and sustained loss and damages within the jurisdiction of the Superior Court of California, including, but not limited to severe and permanent injury to the body and nervous system of Plaintiff.

33. In addition, as a direct, legal, and proximate result of the combined and concurrent wrongful acts of the Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, Plaintiff suffered and sustained the following loss and damages within the jurisdiction of the Superior Court of California.

a. All past and future medical and incidental expenses;

b. All past and future loss of earnings and earning capacity;

c. All past and future non-economic damages;

d. Loss or damage to tangible personal property; and

e. Pre-trial and post-trial interest.

WHEREFORE, Plaintiff LAHENRI ANN TOLIVER for judgment against all Defendants DOLLAR TREE and DOES 1 through 50, inclusive and each of them, as follows:

1. For all past and future economic damages, including but not limited to medical expenses, incidental expenses, loss of income and loss of earning capacity, according to proof;

2. For all past and future non-economic damages, according to proof;

3. All loss of property damage;

4. For pre-judgment and post-judgment interest, as allowed by law;

5. For costs of suit; and

///

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

6. For such other and further relief as the Court deems just and proper.

DATED: September 14, 2023

**WILSHIRE LAW FIRM**

By: /s/ Hazel Chang
Hazel Chang, Esq.
Beshoy Yakim, Esq.
Attorneys for Plaintiff

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action.

DATED: September 14, 2023

**WILSHIRE LAW FIRM**

By: Hazel Chang

Hazel Chang, Esq.
Beshoy Yakim, Esq.
Attorneys for Plaintiff

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137